IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL CRAMER<br>3264 Grenfall Road<br>Norton, Ohio 44203 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| ENGLEFIELD, INC.<br>c/o C.T. Corporation System.<br>Statutory Agent<br>4400 Easton Commons Suite #125<br>Columbus, Ohio 43219 | )<br>)<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff, Carl Cramer, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Cramer is a resident of the city of Norton, county of Summit, state of Ohio.

2. Defendant is a corporation with its principal place of business located at 1953 James Parkway Heath, Ohio 43056.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Cramer is alleging federal law claims regarding the deprivation of Cramer's rights under the Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. §§ 621–634.

4. This Court has supplemental jurisdiction over Cramer's state law claims pursuant to 28 U.S.C. § 1367, as Cramer's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. All material events alleged in this Complaint occurred in Cuyahoga County.

7. Within 300 days of the conduct alleged below, Cramer filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2020-02836 against Defendant.

8. On or about March 3, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Cramer regarding the Charge of Discrimination.

9. Cramer received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. Cramer filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Cramer has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

13. Defendant is a fuel and lubricant distributer.

14. Cramer is a former employee of Defendant.

15. At times relevant herein, Cramer was over the age of 40.

16. Cramer is currently 56 years old.

17. Defendant hired Cramer in 2014 as a flex driver.

18. On or around April 1, 2019, Defendant hired Matt Milhof as a warehouse manager.

19. In or around April 2019, Milhof became Cramer's direct supervisor.

20. Upon information and belief, Milhof is in his 30's.

21. Upon information and belief, Milhof is at least ten years younger than Cramer.

22. Milhof is substantially younger than Cramer.

23. After Milhof became Cramer's supervisor, Milholf began making negative comments about Cramer's age ("Age Comments").

24. The Age Comments included Milholf telling Cramer and other Defendant employees that Cramer had been driving "for 100 years."

25. The Age Comments included Milholf calling Cramer "old man."

26. As a result of Milholf making the Age Comments, other Defendant employees began calling Cramer "old man."

27. During Cramer's employment, Milholf frequently scrutinized Cramer's work to a higher degree than younger similarly situated employees.

28. During Cramer's employment, Cramer frequently observed Milholf not show up to work, take extended breaks, miss work all together, and improperly using company vehicles for personal use ("Milholf's Misconduct").

29. Cramer repeatedly reported Milholf's Misconduct to Steve Baughman, Defendant's warehouse manager.

30. Upon information and belief, Baugman had a duty to report Milholf's Misconduct to Defendant.

31. Upon information and belief, Baugman did report Milholf's Misconduct to Defendant.

32. Defendant had knowledge of Milholf's Misconduct.

33. Defendant has policies governing employee conduct ("Conduct Policy").

34. Upon information and belief, Milholf's Misconduct violated Defendant's Conduct Policy.

35. Defendant did not discipline Milholf for Milholf's Misconduct.

36. On or around June 30, 2020, Cramer was correcting an error he had made on a packing slip.

37. It is not uncommon for Defendant's employees to make errors on packing slips.

38. While Cramer was correcting the packing slip error, Milholf approached Cramer and began loudly berating Cramer for the packing slip error ("Packing Slip Incident").

39. Milholf did not berate similarly situated employees, who were younger than Cramer, for making mistakes similar to the packing slip error.

40. Milholf berated Cramer for the packing slip error due to Cramer's age.

41. While Milholf was berating Cramer, Cramer reminded Milholf that Milholf makes mistakes.

42. While Milholf was berating Cramer, Cramer asked Milholf to leave him alone and allow Cramer to fix the error.

43. On or around June 30, 2020, Baughman informed Cramer that Defendant was terminating his employment for alleged insubordination due to Cramer raising his voice to Milholf during the Packing Slip Incident.

44. Both Cramer and Milholf had spoken with raised voices during the Packing Slip Incident.

45. Prior to terminating Cramer, Defendant never issued any written communication criticizing Cramer for insubordination.

46. Defendant's assertion of insubordination did not actually motivate Defendant' decision to terminate Cramer.

47. Defendant' assertion of insubordination was insufficient to motivate the termination of Cramer.

48. Defendant's assertion of insubordination was pretext to terminate Cramer.

49. Defendant did not discipline Milholf, who engaged in conduct similar to Cramer's during the Packing Slip Incident.

50. Defendant did not terminate Milholf, who engaged in conduct similar to Cramer's during the Packing Slip Incident.

51. By not disciplining Milholf for engaging in conduct substantially similar to Cramer's Defendant treated Cramer less favorably than significantly younger employees.

52. Milholf's Misconduct was more severe than Cramer's conduct during the Packing Slip Incident.

53. Defendants did not discipline Milholf for Milholf's Misconduct because Milholf is under the age of 40.

54. Defendants terminated Cramer because Cramer is significantly older than Milholf.

55. Defendants punished older employees, more harshly for engaging in less severe conduct in comparison to significantly younger employees.

56. Following the Packing Slip Incident, Defendant determined that Cramer and MIlholf could no longer work together.

57. Defendant terminated Cramer in order to retain Milholf.

58. Defendant elected to retain Milholf because Milholf is substantially younger than Cramer.

59. Upon information and belief, subsequent to Cramer's termination, Defendant hired an individual under the age of 40 to replace Cramer.

60. The above facts demonstrate that Defendant engaged in a pattern and practice of age discrimination.

61. There was a causal connection between Cramer's age and Defendant' termination of Cramer.

62. As a direct and proximate result of Defendant's conduct, Cramer suffered and will continue to suffer damages.

### **COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA.**

63. Cramer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Cramer is 56 years old.

65. At all times relevant, Cramer was a member of a statutorily-protected class under the ADEA.

66. Defendant treated Cramer less favorably than other similarly situated employees based on his age.

67. As of July 2020, Cramer was fully qualified his position and employment with the Defendant.

68. Cramer, at age 56, was a member of a statutorily-protected class under the ADEA at the time he was terminated from his employment with the Defendant.

69. After terminating Cramer, Defendant replaced Cramer with a person who was significantly younger and/or not belonging to the protected class under the ADEA.

70. The Defendant violated the ADEA by discriminating against Cramer based on his age.

71. As a direct and proximate result of the Defendant conduct, Cramer suffered and will continue to suffer damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carl Cramer requests judgment in his favor against Defendant, containing the following relief:

(a) A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States;

(b) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(c) An order directing Defendant to place Cramer in the position she would have occupied but for Defendant' discriminatory, retaliatory and/or otherwise unlawful treatment of her, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Cramer;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Cramer for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(e) Awarding against each Defendant compensatory and monetary damages to compensate Cramer for lost wages, emotional distress, and other consequential damages, in an amount to be proven at trial;

(f) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Cramer for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Cramer for harm to her professional and personal reputation and loss of career fulfillment;

(h) An award of damages for any and all other monetary and/or non-monetary losses suffered by Cramer in an amount to be determined at trial, plus prejudgment interest;

(i) An award of punitive damages;

(j) An award of costs that Cramer has incurred in this action, as well as Cramer's reasonable attorneys' fees to the fullest extent permitted by law; and

(k) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/ Trisha M. Breedlove*_____
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Carl Cramer*

## JURY DEMAND

Plaintiff Carl Cramer demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha M. Breedlove*_____
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**